OPINION
The defendant-appellant, Jonathan Bibler ("appellant"), appeals the verdict of the Marion County Court of Common Pleas finding him guilty of Operating a Vehicle While Having a Prohibited Concentration of Alcohol, in violation of R.C. 4511.19(A)(3). For the following reasons, we affirm the judgment of the trial court.
The relevant facts and procedural history are as follows: Early on the morning of August 13, 2000, a Marion police officer observed the appellant hit a parking meter while pulling out of a parking space. Suspecting that the appellant was under the influence of alcohol, the officer administered a number of field sobriety tests and subsequently arrested the appellant. He was then transported to the police department for the purpose of administering a BAC test.
Prior to entering the police department, the arresting officer noticed that the appellant had snuff in his mouth. He instructed the appellant to remove the substance from his mouth but did not permit him to wash out his mouth. Thus, the appellant claims that he was unable to remove all of the snuff. After the required twenty-minute observation period, a BAC test was performed on the appellant, the results of which showed that the appellant had a prohibited amount of alcohol in his system.
The appellant filed a motion to suppress the results of his BAC test. The trial court denied the motion and the case proceeded to a jury trial, where the appellant was found guilty of the charge against him.
The appellant now appeals, asserting four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of Defendant-Appellant by denying his motion to suppress the results of the BAC test.
 The appellant asserts that the trial court erred in failing to suppress the results of his BAC test because the State failed to comply with the statutorily required twenty-minute observation period. The basis of this argument is section 3701-53-02
of the Ohio Administrative Code, which requires that a suspect be observed for twenty minutes prior to the administration of a BAC to prevent the oral intake of any material. Specifically, the appellant alleges that he had a residual quantity of snuff in his mouth and that this residue amounts to oral intake during the requisite observation period.
Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact.[1] In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.[2] Therefore, upon review of a suppression ruling, an appellate court is bound to accept the trial court's findings if they are supported by competent, credible evidence.[3] However, once we accept those findings as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.[4] That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review.[5]
The trial court found that there was uncontested testimony taken at the suppression hearing that the appellant did not intake any material during the twenty minute observation period. A review of the record reveals that two police officers testified that they watched him for the entire time and that he did not place anything in his mouth. The appellant's testimony did not dispute this. Furthermore, there was no testimony, aside from that given by the appellant, that any residual quantity of snuff remained in his mouth subsequent to the officer directing him to spit out the substance. Thus, we find that the trial court's factual finding was based on competent, credible evidence.
The trial court found that, even if the appellant did have some snuff left in his mouth when the BAC test was administered, the fact that he testified that he got as much of the snuff out of his mouth as possible meant that there had been "substantial compliance" with the twenty minute rule.We agree with the appellant that a determination of whether an individual has ingested any material during the observation period does not lend itself to a "substantial compliance" analysis and that the "substantial compliance" test does not apply to the determination of whether or not an individual ingested any material during the twenty-minute observation period.[6] However, in the instant case there is absolutely no evidence of oral intake during the observation period. Because the sole purpose of the twenty minute observation period is the prevention of oral intake,[7] where there is no such evidence, "substantial compliance" is indeed the standard that is necessary for the results of a BAC test to be admissible.[8] Therefore, we find that the trial court's finding of fact met the applicable legal standard.
The appellant also argues that the trial court should have shifted the burden of proof to the State at the suppression hearing after the appellant articulated his objections to the BAC test. The appellant misstates the respective burdens with regards to admissibility. While it is true that the burden of proof in a motion to suppress the results of a blood alcohol test is on the prosecution to the extent that "the defendant takes issue with the legality of the test,"[9] we have already explained that the sole purpose of the observation rule is to require positive evidence that during the twenty minutes prior to the test the accused did not ingest some material which might produce an inaccurate test result.[10] Thus, we have held that an accused must show that he or she did, in fact, ingest some material during the twenty-minute period. The "mere assertain [sic] that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible."[11] The appellant presented no evidence, aside from his own suggestion that there may have been some snuff remaining in his mouth from an earlier time, that he ingested anything during the observation period. Furthermore, he never suggested at the suppression hearing that he took in more snuff within the twenty minute time frame. The State presented unchallenged testimony that the appellant was observed for the full time period and that there was no oral intake at any point. This is sufficient evidence for the State to meet its burden.
Accordingly, for all the foregoing reasons, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of Defendant-Appellant by refusing to give the jury instructions as requested regarding the BAC.
 The appellant argues that the trial court erred in refusing to submit his requested jury instructions regarding whether there was any oral intake during the twenty-minute observation period prior to the administration of the BAC test.
The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion.[12] Thus, when reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case.[13] An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[14]
With regards to the BAC test, the appellant requested the following instruction:
 The proper method to take and analyze the breath sample requires that the person being tested be observed for twenty minutes before the test to prevent oral intake of any material. If you determine that there was oral intake of any material by the defendant within the twenty-minute observation period, you shall not accept the test results as evidence of the concentration of alcohol in the defendant's system.
 The trial court instructed the jury as follows: "Evidence has been presented to you about the results of chemical tests given to the Defendant to determine the concentration of alcohol in the Defendant's breath. You must evaluate all the evidence presented regarding the tests and their accuracy." Although the trial court did not follow the exact wording of the instructions proposed by the appellant, it properly instructed the jury as to its duty to weigh the accuracy of the BAC test. Therefore, the trial court's instructions were in no way unreasonable, arbitrary or unconscionable.
Accordingly, the appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The record contains insufficient evidence to support the defendant-appellant's conviction.
 The appellant argues that there is insufficient evidence to establish his conviction because the only evidence regarding the concentration of blood alcohol in his system was the BAC test which, as appellant has already argued, was flawed.
Sufficiency of evidence is the legal standard applied to determine whether the evidence is sufficient as a matter of law to support the jury's verdict.[15] Determination of sufficiency is essentially a test of adequacy.[16] In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[17]
We have already determined that the BAC test was administered in accordance with the requirements of section 3701-53-02 of the Ohio Administrative Code. Thus, the test results were properly admissible as evidence at the appellant's trial. Furthermore, we find that this evidence could cause a rational trier of fact to find that the essential elements of the crime with which the appellant was charged were proven beyond a reasonable doubt.
Accordingly, the appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV Defendant's-appellant's conviction is contrary to the manifest weight of the evidence.
 The appellant asserts that his conviction was against the manifest weight of the evidence because the jury should not have relied on the results of his BAC test in reaching its verdict.
Weight of the evidence relates to the "inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other."[18] In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[19] In other words, to reverse the judgment of the trial court on the basis of weight of the evidence, the appellate court must sit as a "thirteenth juror," ultimately disagreeing with the resolution of conflicting evidence.[20] A court of appeals may reverse on manifest weight of the evidence grounds only in exceptional cases "where the evidence weighs heavily against conviction."[21]
The State presented the testimony of two police officers who testified that the BAC test was properly administered and that the results showed that the appellant had a prohibited amount of alcohol in his system. The appellant presented only his testimony to support that he ingested snuff during the twenty-minute observation period, rendering the BAC results unreliable. Based on all this evidence, we cannot say that the jury clearly lost its way in relying on the results of the BAC test as evidence of the appellant's guilt.
Accordingly, the appellant's fourth assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS, P.J., and SHAW, J., concur.
[1] United States v. Martinez (C.A.11, 1992), 949 F.2d 1117,1119.
[2] State v. Mills (1992), 62 Ohio St.3d 357, 366.
[3] State v. Brooks (1996), 75 Ohio St.3d 148, 154.
[4] Id.; Ornelas v. United States (1996), 517 U.S. 690.
[5] State v. Harris (1994), 98 Ohio App.3d 543, 546; State v. Norman
(1999), 136 Ohio App.3d 46.
[6] State v. Siegel (2000), 138 Ohio App.3d 562, 568.
[7] State v. Steele (1977), 52 Ohio St.2d 187; Bolivar v. Dick
(1996), 76 Ohio St.3d 216.
[8] See Siegel, 138 Ohio App.3d at 568.
[9] State v. Gasser (1980), 5 Ohio App.3d 217.
[10] Steele, 52 Ohio St.2d 187.
[11] Id.
[12] State v. Martens (1993), 90 Ohio App.3d 338, 343.
[13] State v. Wolons (1989), 44 Ohio St.3d 64, 68.
[14] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[15] State v. Smith (1997), 80 Ohio St.3d 89, 113
[16] State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
[17] Smith, 80 Ohio St.3d at 113, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
[18] Thompkins, 78 Ohio St.3d at 387 (emphasis omitted).
[19] Id.
[20] Id., citing Tibbs v. Florida (1982), 457 U.S. 31.
[21] State v. Mendoza (March 31, 2000), Hancock App. No. 5-99-46, unreported, citing Thompkins, 78 Ohio St.3d at 389.