OPINION
 STATEMENT OF THE FACTS
On January 19, 2001, at approximately 2:25 a.m., Appellant was stopped by a Loudonville Police Officer after being observed weaving.
Upon stopping Appellant, the police office detected indicators of OMVI, administered field sobriety tests, determined that there was probable cause and arrested Appellant.
Appellant was handcuffed with is hands behind his back, placed in the rear seat of the patrol car and transported to the Ashland County Jail. (T. at 6, 15).
Appellant was administered a BAC test at approximately 3:47 a.m.
 STATEMENT OF THE CASE
On March 5, 2001, an oral hearing was held on Appellant's Motion to Suppress.
By Judgment Entry dated March 28, 2001, the trial court overruled Appellant's Motion to Suppress.
On April 3, 2001, Appellant entered a plea of "no contest" to the charge of OMVI.
The trial court sentenced Appellant to 15 days in jail, a find of $350.00 and a one year license suspension.
Appellant was granted a stay of his sentence pending appeal.
On April 24, 2001, Appellant filed his notice appeal, assigning the following error:
ASSIGNMENT OF ERROR
 GIVEN THE EVIDENCE PRESENTED, THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT THE STATE HAD COMPLIED WITH THE REQUIREMENTS OF O.A.C. 3701.53 IN THE ADMINISTRATION OF THE BREATH TEST TO THE APPELLANT.
In his sole assignment of error, appellant claims that the trial court erred in overruling his motion to suppress the results of his breath alcohol test, asserting that the State did not substantially comply with the Ohio Department of Health regulations. This argument is predicated upon the BAC Verified Test Report Form, issued by the Department of Health, which requires that a subject be observed for twenty (20) minutes, prior to administration of the test, to prevent oral intake of any materiel. Ohio Adm. Code 3701-53-02.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v.Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993),85 Ohio App.3d 623, 627; State v. Guysinger (1993), 86 Ohio App.3d 592.
In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
In the case sub judice, Appellant claims that he had loose snuff in his mouth prior to and during the administration of the BAC test, which should make the results of said test invalid.
The State argues that it does not matter if Appellant already had the substance in his mouth, because Appellant did not place the substance in his mouth during the 20 minute observation period.
This Court, in State v. Karns (July 21, 1998) Fairfield App. No. 97CA0002, previously held that the substantial compliance standard is not applicable to the instant situation. In Karns, we held that the regulation is a bright line rule — either the subject did or did not have something in his mouth during the twenty (20) minute observation period. In that case we held that because appellant had the chewing gum in her mouth during the twenty (20) minute observation period, there had not been compliance with the regulation. Therefore, appellant was not required to show prejudice before the results were inadmissable.
In Karns, we held that the determination that such case scenario does not yield itself to a substantial compliance test is buttressed by the fact that the language of the regulation itself prohibits the intake ofany material, not just material which may contain alcohol or otherwise may affect the test results. Our holding comports with our previous decision in State v. Kirkpatrick (June 1, 1988), Fairfield App. No. 43-CA-87, unreported, in which we concluded "that the twenty-minute observation period is mandatory and that there be no oral ingestion of any material during that observation period", Id, p. 8.
The trial court judge found "the Defendant's testimony credible in that he did have snuff in his mouth from the time of arrest until after the breath sample was obtained herein." (3/28/01 Judgment Entry at 1-2). The Court then went on to find "that ingestion did not take place in this matter even though Defendant testified that he did have snuff in his mouth because, even if the Defendant testified that he swallowed some juice, before spitting the juice and the snuff on his pant legs, the Defendant's testimony is not credible in that regard." (3/28/01 Judgment Entry at 2).
In Karns, supra, we held:
 Other appellate districts have interpreted the term "intake" to mean "ingest". In fact, in a previous opinion issued by this Court, we used the term "ingestion" in lieu of the term "intake". See, State v. Kirkpatrick (June 1, 1988), Fairfield App. No. 43-CA-87, unreported. In the instant appeal, the fact that appellant was chewing gum raises an interesting question as to whether there is a difference between the terms "intake" and "ingest". We believe the term "intake" is broader than the term "ingest". One can intake something without necessarily ingesting it. The drafters of the regulations, promulgated by the Director of Health, chose the term "intake" not "ingest". Because the act of chewing gum necessarily results in some of the ingredient(s) being combined with a person's saliva, which is ultimately swallowed and ingested, it is not necessary for this Court at this time to resolve the issue of whether the regulations prohibit ingestion or merely intake. However, even if the regulations prohibit ingestion as opposed to intake only, we find the act of chewing gum nevertheless results in some ingestion of its ingredients.
Here, the Court believed the testimony of the Appellant as the presence of the snuff in his mouth before and during the administration of the BAC test. Once Appellant articulated this objection to the BAC test, the burden shifted to the State to demonstrate the presence of the snuff had no effect on the test results. See State v. Siegel (2000),138 Ohio App.3d 562, Defiance v. Stafford (Feb. 7, 1992), Defiance App. No. 4-88-01, unreported, State v. Adams (1992), 73 Ohio App.3d 735.
A review of the record reveals that the state failed to present any evidence that the BAC results were not prejudiced by the intake of snuff.
Based on the foregoing, we find as a matter of law that the facts presented on appeal fail to meet the applicable legal standard and that the trial court erred in not suppressing the BAC results.
Appellant's sole assignment of error is sustained.
We hereby vacate Appellant's conviction, reverse and remand this matter to the trial court for proceedings not inconsistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court, Ashland County, Ohio is vacated, reversed and remanded.
Costs to be assessed to Appellee.
Hon. Sheila G. Farmer, P.J. Hon. John F. Boggins, J. concur. Hon. William B. Hoffman, J. dissents.