[Cite as *State v. Guffey*, 2017-Ohio-7283.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  2-17-08

      v.

CAMERON GUFFEY,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Auglaize County Municipal Court
Trial Court No. 2016 TRC 6417

**Judgment Affirmed**

**Date of Decision:  August 21, 2017**

APPEARANCES:

    *Robert C. Wiesenmayer, II* **for Appellant**

    *Nick A. Catania* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Cameron Guffey ("Guffey"), brings this appeal from the March 3, 2017 judgment of the Auglaize County Municipal Court convicting him of operation of a vehicle with a prohibited alcohol concentration ("OVI"), in violation of R.C. 4511.1(A)(1)(d), after a plea of no contest to this charge. For the reasons that follow, we affirm the trial court's judgment.

*Facts and Procedural History*

{¶2} On October 2, 2016, at approximately 1:40 a.m., Patrolman Jordan Reineke ("Patrolman Reineke"), was on patrol when he observed the 2002 Oldsmobile driven by Guffey and noticed the passenger side headlight out on the vehicle. (Tr. 3). Patrolman Reineke turned his car around to follow Guffey. Patrolman Reineke followed Guffey as he made several turns and eventually signaled for Guffey to pull over. Patrolman Reineke interpreted Guffey's many turns as an attempt to evade him.

{¶3} Patrolman Reineke approached Guffey's vehicle, informed him of the reason for the stop, and asked Guffey for his license, registration and proof of insurance. During his initial contact with Guffey, Patrolman Reineke detected the odor of an alcoholic beverage coming from inside Guffey's vehicle. (*Id.*). Patrolman Reineke asked Guffey if he had anything to drink that night and Guffey admitted to consuming three to four beers. (*Id.*).

{¶4} At this time, Patrolman Reineke had Guffey recite the alphabet starting at the letter "D" and ending at the letter "Q". (*Id*.). Next, Patrolman Reineke asked Guffey to count backwards from 27 to 11. (Tr. 4). Guffey was unable to successfully complete these tasks. (*Id*.). Patrolman Reineke then asked Guffey to exit his vehicle for additional field sobriety tests, to which Guffey refused. (*Id*.). Based on Guffey's evasive driving, the odor of an alcoholic beverage emanating from his vehicle, his admission to consuming three to four alcoholic beverages, and his refusal to submit to additional field sobriety tests, Patrolman Reineke determined Guffey to be impaired and placed him under arrest for OVI.

{¶5} After being transported to the Auglaize County Jail, Guffey agreed to submit to a breath test. Patrolman Reineke read Guffey the BMV form 2255. After the requisite twenty-minute observation period, Patrolman Reineke requested Patrolman Clark to administer a breathalyzer test on Guffey. A valid sample was obtained and the test produced a result of .118 of one gram by weight of alcohol per two hundred ten liters of breath, indicating that the concentration of alcohol detected in Guffey's breath exceeded the legal limit. (State's Ex. A).

{¶6} Guffey was charged with OVI, in violation of 4511.19(A)(1)(a), operation of a vehicle with a prohibited alcohol concentration, in violation of R.C. 4511.19(A)(1)(d), and failure to illuminate both headlights, in violation of R.C. 4513.04. Guffey entered a plea of not guilty to the charges.

{¶7} On November 10, 2016 Guffey filed a motion to suppress challenging whether probable cause existed for his arrest and whether Patrolman Reineke exercised the twenty-minute observation period prior to obtaining a breath sample from Guffey.

{¶8} On January 6, 2017, a hearing was held on Guffey's motion to suppress. The video of the stop was introduced as evidence as well as the testimony of Patrolman Reineke. On January 13, 2017, the trial court issued its judgment entry overruling the motion. A jury trial was set for February 13, 2017, which was rescheduled to March 13, 2017. However, upon Guffey's request, on March 3, 2017 the trial court accepted his plea of no contest to the charge of OVI, in violation of R.C. 4511.19(A)(1)(d), and dismissed the other charges.

{¶9} The trial court sentenced Guffey to twenty days in jail, suspending all twenty days, and imposed a fine of $375. The trial court also suspended Guffey's driver's license for six months beginning on October 2, 2016 and expiring April 1, 2017.

{¶10} Guffey now appeals, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT FAILED TO GRANT DEFENDANT'S MOTION TO SUPPRESS WHERE THERE WAS NO PROBABLE CAUSE TO ARREST THE DEFENDANT AND EVIDENCE RESULTING FROM THE UNLAWFUL ARREST SHOULD HAVE BEEN SUPPRESSED.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT FAILED TO GRANT APPELLANT'S MOTION TO SUPPRESS WHEN THE TWENTY MINUTE OBSERVATION PERIOD WAS NOT OBSERVED BY THE ARRESTING OFFICER OR THE BAC TEST OPERATOR, IN ACCORDANCE WITH OHIO REVISED CODE 4511.19(D) AND OHIO ADMINISTRATIVE CODE 3701-53-02.**

*First Assignment of Error*

{**¶11**} In his first assignment of error, Guffey argues that the trial court erred in overruling his motion to suppress. Specifically, Guffey contends that Patrolman Reineke lacked probable cause to make an OVI arrest.

{**¶12**} At the outset, "we note that appellate review of a decision on a motion to suppress evidence presents a mixed question of law and fact". *State v. Blair*, 3d Dist. Marion No. 9-12-14, 2013-Ohio-646, citing *State v. Bressler*, 3d Dist. No. 15-05-13, 2006-Ohio-611. "At a suppression hearing, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses". *Blair*, citing *State v. Carter*, 72 Ohio St.3d 545, 552 (1995). "When reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence." *Blair*, citing *State v. Dunlap*, 73 Ohio St.3d 308, 314 (1995). "We must defer to 'the trial court's findings of fact and rely on its ability to evaluate the credibility of the witnesses,' and then independently review

whether the trial court applied the correct legal standard." *Blair*, quoting *State v. Anderson*, 100 Ohio App.3d 688, 691 (4th Dist. 1995).

{¶13} Guffey contends the trial court erred in denying his motion to suppress because Patrolman Reineke lacked probable cause to arrest him for OVI. Guffey maintains that since the headlight violation was his only traffic violation and because he displayed other proper driving behaviors, such as stopping at a stop sign and using his turn signal (supporting that he was not under the influence of alcohol) the trial court erred in concluding Patrolman Reineke possessed probable cause to arrest him. Appellate courts have held, however, that an officer need not "observe erratic driving in order to effectuate an arrest for driving under the influence". *State v. Kordich*, 9th Dist. Medina No. 15CA0058-M, 2017-Ohio-234, quoting *State v. Kurjian*, 9th Dist. Medina No. 06CA0010-M, 2006-Ohio-6669. "To prove impaired driving ability, the [S]tate can rely on physiological factors (e.g. odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *Kordich* at ¶17.

{¶14} At the suppression hearing, Patrolman Reineke testified that when he initially approached Guffey's vehicle, he detected an odor of an alcoholic beverage coming from the vehicle. *See State v. Marshall*, 2d Dist. Clark No. 2011 CA 35, 2001-Ohio-7081 (holding that a strong odor of alcohol alone is sufficient to provide an officer with reasonable suspicion of criminal behavior). Patrolman Reineke

testified that the strong odor of alcohol coupled with Guffey's admission to consuming alcohol prompted him to administer divided attention tests (e.g. counting backwards and repeating the alphabet). And, due to Guffey's poor performance of those tests, and his refusal to submit to additional field sobriety tests, Patrolman Reineke arrested Guffey for OVI.

{¶15} Upon our review of the evidence in the record, we conclude that Patrolman Reineke had a reasonable and articulable suspicion of criminal activity to stop Guffey by virtue of the headlight violation. We further conclude that Patrolman Reineke further obtained probable cause to arrest Guffey under the "totality of the circumstances" due to the smell of alcohol coming from Guffey's car; Guffey's poor performance on the divided attention tests; Guffey's perceived evasive driving; and Guffey's admission to consuming several beers. Accordingly, we find no error with the trial court's decision on probable cause to arrest and we overrule Guffey's first assignment of error.

*Second Assignment of Error*

{¶16} In his second assignment of error, Guffey asserts that the officers failed to properly observe him for the required twenty-minute period prior to administering the breathalyzer test.

{¶17} Guffey's argument is based on the regulation that breath samples "shall be analyzed according to the operational checklist for the instrument being

used." Ohio Adm.Code 3701-53-02(D). One of the elements on the BAC checklist is "that the person being tested be observed for twenty minutes before the test to prevent the oral intake of any material". *State v. Siegel*, 138 Ohio App.3d 562, 566-567 (3d Dist.). This requirement is in place "to eliminate the possibility that the test result is a product of anything other than the subject's deep lung breath". *State v. Shockey*, 3d Dist. Marion No. 9-14-06, 2014-Ohio-5004, ¶6. We have previously decided that strict compliance of the twenty-minute observation period is not required, only substantial compliance. *State v. Aldridge*, 3d Dist. Marion No. 9-13-54, 2014-Ohio-4537, citing *Bolivar v. Dick*, 76 Ohio St.3d 216, 218; *State v. Camden*, 7th Dist. Monroe No. 04 MO 12, 2005-Ohio-2718, ¶14; *State v. McAuley*, 8th Dist. Cuyahoga No. 76720 at *4.

**{¶18}** In the instant case, the trial court made the following findings with respect to the twenty-minute observation period:

> The officer's first contact with the defendant was at 1:44 am [sic]. The breath testing machine printout indicates that the time of the test was 1:59 am [sic]. Obviously if that is the time span of the observation then there was not a 20-minute period of observation. However the video show time of 1st contact at the window of the defendant's vehicle to have been 1:44:40 and then end of that video is the cruiser stopping at the Sheriff's sally port at 1:58 am [sic]. Thus just over 13 minutes. The body cam video starts just after the cruiser enters the jail's sally port. The defendant begins blowing into the machine at the 7:30 mark of the video. Thus the period of observation and time without any oral ingestion slightly exceeded 20 minutes.

(Doc. 35).

{¶19} Guffey questions the trial court's finding, alleging that the twenty-minute observation period was not satisfied because Patrolman Reineke and/or the officer administrating the BAC did not constantly look at Guffey while they prepared the necessary paperwork for Guffey's breathalyzer test. We disagree. We have previously found that in situations like the one presented, "the subject was constantly within his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable. *To overcome that inference, the accused must show that he or she did, in fact, ingest some material during the twenty-minute period. The 'mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible' "*. (Emphasis added). *Siegel* at 569, quoting *State v. Adams*, 73 Ohio App.3d 735; *see also State v. Isabell*, 3d Dist. Shelby No. 17-08-08, 2008-Ohio-6753, ¶34.

{¶20} In the case *sub judice*, Guffey was under continuous personal and video observation from the time of his arrest to the administration of the breathalyzer test. Thus, an inference exists here that his ingestion of anything was unlikely or improbable. To overcome this inference, Guffey must show that he did, in fact, ingest something during that time. *See Siegel*. And because Guffey failed

to introduce evidence that he ingested something during the twenty-minute observation period, he has failed to rebut this inference. We note that our finding here is in line with our decision in *Aldridge*, *supra*, wherein part of the observation period occurred when the defendant was seated behind the trooper (who drove the car), and another part when the trooper was filling out paperwork and "did not directly stare at Aldridge". We rejected Aldridge's argument that failure to constantly observe a subject resulted in a lack of substantial compliance, because the evidence offered by the State showed that "Aldridge did not ingest anything during the twenty-minute observation period prior to the breath test". *Id.*

{¶21} Accordingly, we find no error with the trial court's decision overruling Guffey's motion to suppress on this basis and overrule Guffey's second assignment of error.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**