[Cite as *State v. Denton*, 2018-Ohio-3530.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO. 9-18-10

v.

DONALD DENTON,                O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Marion County Municipal Court
Trial Court No. TRC 17 08445A

Judgment Affirmed

Date of Decision:   September 4, 2018

---

APPEARANCES:

    *Tod Brininger and Chelsea Lund* for Appellant

    *Steven E. Chaffin* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Donald Denton ("Denton"), brings this appeal from the February 28, 2018 judgment of the Marion County Municipal Court convicting him of operation of a vehicle with a prohibited alcohol concentration ("OVI"), in violation of R.C. 4511.19(A)(1)(d), upon his plea of no contest to the charge. For the reasons that follow, we affirm the trial court's judgment.

*Facts and Procedural History*

{¶2} On September 2, 2017, at 12:50 a.m., Denton was stopped by Trooper Brian Garloch ("Trooper Garloch") of the Ohio State Highway Patrol after he was observed traveling left of center. After initiating contact, Trooper Garloch detected an odor of alcohol about Denton. Trooper Garloch then performed several field sobriety tests on Denton, including the horizontal gaze nystagmus, the walk-and-turn, and the one-leg stand. After failing the field sobriety tests, Denton was placed under arrest for OVI at approximately 1:12 a.m. (1/18/18 Tr. at 7).

{¶3} After placing Denton under arrest, Trooper Garloch searched Denton's pockets and found a can of smokeless tobacco. Further, prior to placing Denton in the back of his patrol car, Trooper Garloch noticed Denton had smokeless tobacco in his mouth. Trooper Garloch ordered Denton to remove the tobacco from his mouth and watched as Denton spit it out. (*Id*. at 8).

**{¶4}** Thereafter, Trooper Garloch transported Denton to the Multi-County Jail where a breath test could be performed. At the jail, a corrections officer did a pat-down of Denton, including a check of his mouth. (*Id.* at 9-10). However, Trooper Garloch discovered that the BAC DataMaster machine at that location was out of service, so he transported Denton to the Marion City Police Department so a breathalyzer test could be timely completed. (*Id.* at 9).

**{¶5}** Upon arriving at the Marion City Police Department, Trooper Garloch removed Denton's handcuffs and placed him in a chair in front of the BAC DataMaster machine. Trooper Garloch then placed Denton's belongings (wallet, cell phone and tobacco can) along with his own belongings (flashlight, OVI booklet, 2255 log, etc.) on the top of a refrigerator in the room, and left the room to get a Marion Police Officer. (*Id.* at 12). Trooper Garloch testified that he was absent from the room for "less than a minute", walking approximately 15 steps down the hall to Lieutenant Musser's office. (*Id.* at 24).

**{¶6}** Thereafter, at approximately 2:56 a.m., Denton submitted to a breathalyzer test administered by Trooper Garloch. A valid sample was obtained and the test produced a result of .122 of one gram by weight of alcohol per two hundred ten liters of breath. The concentration of alcohol detected in Denton's breath exceeded the legal limit of .08.

{¶7} Denton was charged with OVI, in violation of R.C. 4511.19(A)(1)(a), operation of a vehicle with a prohibited alcohol concentration, in violation of R.C. 4511.19(A)(1)(d), and left of center, in violation of R.C. 4511.25. Denton entered pleas of not guilty to all charges.

{¶8} On November 15, 2107, Denton filed a motion to suppress in the trial court challenging whether Trooper Garloch exercised the twenty-minute observation period prior to obtaining the breath sample. On January 18, 2018, a hearing was held on Denton's motion to suppress. Trooper Garloch's testimony was the only evidence introduced to the trial court during the hearing. On February 21, 2018, the trial court issued its judgment entry overruling the motion. (Doc. 33). A jury trial was set for March 7, 2018, however, Denton changed his plea to no contest to the charge of OVI, in violation of R.C. 4511.19(A)(1)(d), and the other charges were dismissed by the trial court.

{¶9} The trial court sentenced Denton to thirty days in jail, suspending twenty-seven of the days, and imposed a fine of $1,000, suspending $450. The trial court also suspended Denton's driver's license for one year.

{¶10} Denton now appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL JUDGE ERRED IN FINDING THE TROOPER IN SUBSTANTIAL COMPLIANCE WITH THE REQUIREMENT OF THE OHIO DEPARTMENT OF HEALTH REGULATIONS IN REGARDS TO THE TWENTY MINUTE OBSERVATION PERIOD.**

{¶11} In his sole assignment of error, Denton contends that Trooper Garloch failed to observe him for the required twenty-minute period prior to administering the breathalyzer test.  Specifically, Denton questions whether the burden of proof shifted to him to present evidence that he ingested some material during the twenty-minute observation period.

*Standard of Review*

{¶12} Appellate review of a decision on a motion to suppress evidence presents a mixed question of law and fact.  *State v. Blair*, 3d Dist. Marion No. 9-12-14, 2013-Ohio-646, citing *State v. Bressler*, 3d Dist. Van Wert No. 15-05-13, 2006-Ohio-611.  "At a suppression hearing the trial court assumes the role of trier of fact and is in the best positon to resolve factual questions and evaluate the credibility of witnesses."  *Blair*, citing *State v. Carter*, 72 Ohio St.3d 545, 552 (1995).  "When reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence."  *Blair*, citing *State v. Dunlap*, 73 Ohio St.3d 308, 314 (1995).  "We must defer to 'the trial court's findings of fact and rely on its ability to evaluate the

credibility of the witnesses,' and then independently review whether the trial court applied the correct legal standard." *Blair*, quoting *State v. Anderson*, 100 Ohio App.3d 688, 691 (4th Dist. 1995).

*Analysis*

{¶13} In his argument, Denton asserts that the trial court erred in finding that Trooper Garloch complied with the required twenty-minute observation period, insinuating that he ingested tobacco when Trooper Garloch left him unattended at the Marion Police Department. As such, Denton argues that the State failed to establish substantial compliance with the Ohio Department of Health regulations and the results of his breath test should have been suppressed. We find this argument lacks merit.

{¶14} In order for a breathalyzer test result to be admissible, the State must prove that the subject's breath sample was "analyzed according to the operational checklist for the instrument being used". Ohio Adm.Code 3701-53-02(D). One of the elements on the BAC checklist is "that the person being tested be observed for twenty minutes before the test to prevent the oral intake of any material". *State v. Siegel*, 138 Ohio App.3d 562, 566-567 (3d Dist.). This requirement is in place "to eliminate the possibility that the test result is a product of anything other than the subject's deep lung breath". *State v. Shockey*, 3d Dist. Marion No. 9-14-06, 2014-Ohio-5004, ¶6. We have previously decided that strict compliance of the twenty-

minute observation period is not required, only substantial compliance. *State v. Aldridge*, 3d Dist. Marion No. 9-13-54, 2014-Ohio-4537, citing *Bolivar v. Dick*, 76 Ohio St.3d 216, 218.

{¶15} Denton argues that the State did not prove substantial compliance with Ohio Adm.Code 3701-53-02(B) because Trooper Garloch testified that he left Denton alone in a room shortly after arriving at the Marion Police Department. Additionally, Denton asserts that the State failed to present any evidence that Trooper Garloch observed Denton for twenty minutes after rejoining Denton in the room.

{¶16} "The purpose of the observation rule is to require positive evidence that during the twenty minutes prior to the test the accused did not ingest some material which might produce an inaccurate test result. [Citation omitted.] A witness who testifies to that foundational fact is not required to show that the subject was constantly in his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable. To overcome that inference, the accused must show that he or she did, in fact, ingest some material during the twenty-minute period." *Cleveland v. Hopkins*, 8th Dist. Cuyahoga Nos. 97600, 97601, 2012-Ohio-5170, ¶20, quoting *State v. Adams*, 73 Ohio App.3d 735, 74 (2nd Dist. 1992).

**{¶17}** In the case *sub judice*, Trooper Garloch testified that he observed Denton for at least twenty minutes before he administered the breath test. His testimony reveals that he was with Denton from the time of Denton's arrest, at 1:12 a.m., until the time the breath test was administered, at 2:56 a.m. According to Trooper Garloch, the only time Denton left his sight was when he left the room "for less than a minute" to walk 15 steps to Lieutenant Musser's office, located close to the room where Denton was located. Trooper Garloch further testified that as he re-entered the room (where Denton was located) he did not hear Denton's chair move, that Denton did not appear to be sitting down from a standing position, nor did he notice that any of Denton's belongings on top of the refrigerator had been disturbed. (Jan. 18, 2018 Tr. Pgs. 24-25). Denton avers that because Trooper Garloch was not in the room observing him for twenty minutes *immediately before* administering the breath test, he could not be positive that Denton did not ingest any material (tobacco). However, the Ohio Supreme Court has determined that the "mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible." *Cleveland*, *supra* at ¶20; *State v. Steele*, 52 Ohio St.2d 187, 192 (1977).

**{¶18}** In our review of the record we find that Denton failed to present *any* *evidence* at the suppression hearing that he had placed something in his mouth while

he was left unattended at the Marion Police Department. In our review of the facts, it would have been obvious to Trooper Garloch if Denton had placed some smokeless tobacco in his mouth upon Denton's completion of the breath test. As such, we find that Denton has failed to overcome the reasonable inference that it was unlikely that he had placed any material in his mouth that may have affected the results of the test after the Trooper left the room for a very brief period of time.

{¶19} Moreover, we find that Trooper Garloch's testimony reveals substantial compliance with the twenty-minute observation period under the facts presented. And, because the State proved substantial compliance with the Ohio Department of Health regulations, the trial court did not err by denying Denton's motion to suppress. Accordingly, Denton's sole assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**