OPINION
{¶ 1} Defendant-appellant, Wayne T. Ellyson ("appellant"), appeals from the judgment of the Franklin County Municipal Court finding him guilty of operating a vehicle under the influence of alcohol ("OVI"), in violation of Columbus Traffic Code 2133.01(A)(1). In his single assignment of error, appellant asserts:
The Trial Court erred when it failed to suppress all evidence of the stopping of the Appellant together with any evidence gathered thereafter.
For the following reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
 {¶ 2} On February 6, 2004, Sergeant Jeffrey Sowards of the Columbus Police Department witnessed appellant execute a right turn from a commercial driveway onto Kenny Road in Columbus. Sgt. Sowards explained that, when appellant "pulled out, his rear tire caught [the] curb * * * at about 2 feet, 18 inches to 2 feet, and continued north." (Tr. at 13.) Based on his observation of appellant driving over the curb, Sgt. Sowards initiated a traffic stop by activating his overhead lights after appellant cleared the intersection of Kenny and Henderson Roads. Appellant turned into the parking lot of a TGI Fridays restaurant and brought his car to a stop. Sgt. Sowards estimated that appellant traveled 300 feet between the time Sgt. Sowards activated his lights and the time appellant stopped his vehicle. Appellant was ultimately cited for OVI, in violation of Columbus Traffic Code 2133.01(A)(1), driving over a curb, in violation of Columbus Traffic Code 2131.34(a), and refusing to submit to an alcohol test, in violation of R.C. 4511.19(A)(2).
 {¶ 3} Appellant entered a plea of not guilty to all charges and filed a motion to suppress evidence obtained as a result of his traffic stop, arguing, in pertinent part, that Sgt. Sowards lacked reasonable suspicion or probable cause to conduct a warrantless stop. On April 18, 2005, the trial court held a hearing on appellant's motion to suppress, and, by entry filed April 20, 2005, the trial court denied appellant's motion. On May 24, 2005, appellant changed his plea of not guilty to a plea of no contest on the OVI charge. At the city's request, the trial court dismissed the remaining charges against appellant. The trial court found appellant guilty of OVI and sentenced appellant accordingly. Appellant timely appealed, arguing that the trial court erred in overruling his motion to suppress.
 {¶ 4} A motion to suppress involves mixed questions of law and fact. Ornelas v. United States (1996), 517 U.S. 690,696-697. Since the trial court is in the best position to evaluate witness credibility, we must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Klein (1991), 73 Ohio App.3d 486, 488. Thus, we defer to "`the trial court's findings of fact and rely on its ability to evaluate the credibility of the witnesses,'" but we independently review whether the trial court applied the correct legal standard. State v. Bressler, Van Wert App. No. 15-05-13,2006-Ohio-611, at ¶ 10, quoting State v. Anderson (1995),100 Ohio App.3d 688, 691; State v. Claytor (1993),85 Ohio App.3d 623, 627. "[D]eterminations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Ornelas at 699.
 {¶ 5} It is well-established that stopping an automobile and temporarily detaining its occupants constitutes a seizure under the Fourth Amendment of the United States Constitution. Delawarev. Prouse (1979), 440 U.S. 648, 653. The Fourth Amendment prohibits warrantless searches and seizures, rendering them per se unreasonable, unless an exception applies. Katz v.United States (1967), 389 U.S. 347, 357. Upon a motion to suppress evidence on Fourth Amendment grounds, the state has the burden of showing, by at least a preponderance of the evidence, that the search and/or seizure fits within one of the defined exceptions to the Fourth Amendment's requirement of a warrant. Athens v.Wolf (1974), 38 Ohio St.2d 237, 241.
 {¶ 6} Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment. Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11, citing United States v. Ferguson (C.A.6, 1993), 8 F.3d 385,391-393. Thus, a law enforcement officer may constitutionally stop an automobile when the officer observes the commission of a specific violation. Erickson at 11.
 {¶ 7} A law enforcement officer may also conduct an investigatory stop of an individual if the officer has reasonable suspicion, based on specific and articulable facts, that criminal activity has occurred or is imminent. Terry v. Ohio (1968),392 U.S. 1. "After identifying the facts known to the police officer at the time of the stop, an appellate court must decide whether, under a standard of objective reasonableness, those facts would give rise to reasonable suspicion justifying a stop." State v.Mathis, Summit App. No. Civ.A. 22039, 2004-Ohio-6749, at ¶ 13, citing Ornelas at 696-697. Courts view the propriety of an investigative stop in light of the totality of the circumstances.United States v. Cortez (1981), 449 U.S. 411, 417-418; Statev. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 8} We first address appellant's contention that Sgt. Sowards lacked probable cause or reasonable suspicion to conduct a traffic stop. According to his testimony at the suppression hearing, Sgt. Sowards observed appellant, driving a pickup truck, turn right onto Kenny Road from the short driveway leading to the parking lot of Pockets Sports Bar. As appellant executed his right turn, the truck's rear, passenger-side tire went over a curb. Sgt. Sowards did not observe appellant commit any other traffic offense and initiated the traffic stop based solely on his observation of appellant driving over the curb. Appellant argues that his conduct of driving over the curb did not constitute a traffic violation and that Sgt. Sowards had no other basis for a reasonable suspicion of criminal activity.
 {¶ 9} Columbus Traffic Code 2131.34(a) provides that "[n]o driver of any vehicle shall drive over or across any curb, upon a sidewalk, or within any sidewalk area except upon a permanent or duly authorized temporary driveway." Based on his testimony, the trial court concluded that Sgt. Sowards witnessed appellant violate Columbus Traffic Code 2131.34(a) and, thus, that Sgt. Sowards conducted a valid traffic stop.
 {¶ 10} In its April 20, 2005 entry denying appellant's motion to suppress, the trial court stated:
The [appellant] argues that he did not violate Columbus City Traffic Code 2131.34(A) when his rear, passenger tire went over the curb as he was coming out of a parking lot. The [appellant] also argued that he was permitted to drive over the curb because he was driving on a permanent or duly authorized temporary driveway. The Court disagrees and finds based on Sgt. Sowards testimony that [appellant] drove over the curb delineating the side border of the driveway and thus it was not part of the driveway as the curb in front of the driveway, between the driveway and the street, would have been. The Court finds based on the testimony of Sgt. Sowards that Sgt. Sowards stopped [appellant] validly for a traffic stop * * *.
 {¶ 11} As an initial matter, we note that we simply cannot discern from the trial court's statements or the record before us where appellant's tire hit the curb in relation to the driveway or the roadway. Sgt. Sowards first stated: "I was southbound on Kenny Road, south of Old Henderson, and I saw a — as I passed a parking lot, I saw a pickup truck exit the parking lot and drive over the curb." (Tr. at 10.) Thereafter, the following exchanges occurred:
THE COURT: You said he was driving out of a driveway or a parking lot?
THE WITNESS: Yes, ma'am, it was a parking lot on the east side of the street, and he turned out of the parking lot to go northbound on Kenny. I was going southbound on Kenny.
THE COURT: And was that — it was a parking lot?
THE WITNESS: Yes, ma'am.
* * *
Q. [BY APPELLEE'S COUNSEL:] I might as well follow up with, was that curb a permanent or duly authorized temporary driveway, to your knowledge?
A. I'm not sure of the question. I'm not sure what you're asking me.
Q. Can you draw for the Court, on the board, what the parking lot looked like and where the curb was in location to a driveway that would take you out?
A. Sure.
* * *
(Witness at board.)
Q. If you could show us exactly how he pulled out.
A. When he pulled out, his rear tire caught this curb right here at about 2 feet, 18 inches to 2 feet, and continued north.
Q. Thank you, Sergeant. You can have a seat. And my question regarding whether or not it was a permanent or duly authorized temporary driveway is based on the statute. It says that you can't drive over a curb unless it's a temporary or permanent driveway. To your knowledge, is that curb that he drove over a driveway?
A. No.
(Tr. at 12-13.)
 {¶ 12} On cross-examination, the following exchange occurred between appellant's counsel and Sgt. Sowards:
Q. And so there was a short driveway there coming out of that parking lot, right?
A. Approximately, yeah, 10 feet — 10, 15 feet.
Q. Right on the corner here there's a built-up area with a few railroad ties almost right up on the curb?
A. I can't testify to that. I don't know.
Q. Okay. And that short driveway, that was where [appellant] exited the parking lot onto Kenny Road?
A. Right.
(Tr. at 25-26.)
 {¶ 13} Our record on appeal does not include Sgt. Sowards' drawing, or any other depiction, of the curb and driveway in question and, as a result, our ability to determine the location of where appellant's tire hit the curb is limited. In contrast, the trial court heard Sgt. Sowards' testimony, saw his drawing of the area, and asked questions concerning the location of the curb, driveway, and parking lot. Ordinarily, an appellate court will defer to the factual findings of the trial court. Deference to such findings is particularly appropriate in this case, where we simply have no evidentiary basis upon which to disagree. Here, Sgt. Sowards' testimony that appellant drove over a curb that was not part of a driveway provided competent, credible evidence to support the trial court's factual findings that appellant drove over the curb delineating the side border of the driveway and that the curb was not upon a driveway.
 {¶ 14} Having confirmed the trial court's findings that the curb at issue here was not part of a driveway, we need not consider whether a curb delineating a side border could ever fall within the exception to Columbus Traffic Code 2131.34(a), which prohibits driving over a curb or sidewalk "except upon a permanent or duly authorized temporary driveway." In this respect, we do not necessarily agree with the trial court's distinction between a curb in front of the driveway — that is, between the driveway and the street — and a curb along the side of a driveway, but find that such a distinction is not necessary to our ruling. Here, Sgt. Sowards' testimony provides competent, credible evidence to support the trial court's conclusion that appellant drove over a curb that is not part of a driveway.
 {¶ 15} Having concluded that the trial court's factual findings are supported by competent, credible evidence, we further conclude that the trial court did not err when it determined that Sgt. Sowards' actions in stopping appellant were valid and, on that basis, denied appellant's motion to suppress. Therefore, we overrule appellant's assignment of error.
 {¶ 16} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Klatt, P.J., and Bryant, J., concur.