[Cite as *State v. Pattin*, 2018-Ohio-3876.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-575 |
| v. | : | (C.P.C. No. 15CR-2289) |
| Michael Pattin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 25, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee. **Argued:** *Sheryl L. Prichard.*

**On brief:** *Yeura R. Venters,* Public Defender, and *Timothy E. Pierce,* for appellant. **Argued:** *Robert B. Barnhart.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Michael Pattin, appeals from a judgment of the Franklin County Court of Common Pleas finding appellant guilty, pursuant to a no contest plea, of one count of illegal cultivation of marijuana in violation of R.C. 2925.04, a felony of the fourth degree, and sentencing appellant to a period of community control for three years. For the following reasons, we affirm the trial court's judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant was indicted on May 8, 2015 on a charge of illegal cultivation of marijuana. On January 27, 2016, appellant's counsel filed a motion to suppress. On June 15, 2016, the trial court held a hearing on the motion to suppress. The testimony at the suppression hearing set forth the following facts. On March 15, 2015, Whitehall police officers, Jeff Goble and Gary Baker, responded to 588 Link Road in Whitehall because

someone had telephoned 9-1-1 and the caller immediately hung up. (June 15, 2016 Suppression Hearing Tr. at 9.) Officers routinely respond in those situations to determine the safety of the occupants. *Id.* As the officers approached the house, Officer Baker saw a child look out the window. *Id.* The officers knocked on the front door and spoke to appellant and two children. Appellant denied that anyone in the house called 9-1-1. (Tr. at 10-11.) Officer Goble testified that all three were acting nervous so he had the dispatcher call the number back and a landline in the house rang. (Tr. at 11.)

{¶ 3} Officer Goble testified that he detected a strong odor of raw marijuana. He stated that the smell of raw marijuana was "very powerful" and could be detected all around the house and became stronger as he approached the house and even stronger when the front door was opened. (Tr. at 38.) Officer Goble testified he decided to make a "protective sweep" of the house because of the 9-1-1 call, the nervousness of the appellant and the children, the odor of the marijuana and his experience with the "extreme violence associated with drug trafficking and drugs." (Tr. at 11-12.) Officer Goble stated that the protective sweep was to check for "injured parties or killed parties" and the officers looked in open spaces where a person could be concealed. (Tr. at 12, 15.) Officer Baker stayed with appellant and the children while Officer Goble searched the ground floor and the basement and a third officer, Officer Saylers searched the second floor. The officers found marijuana plants, harvested marijuana, and grow lights in the basement and the garage. The officers then telephoned appellant's girlfriend, the owner of the house, who returned home. She signed a consent form and narcotics detectives searched the house again.

{¶ 4} Appellant testified at the hearing. Appellant testified he was asleep when the officers arrived. (Tr. at 43.) He showed the home phone to the officers to demonstrate that no one had called 9-1-1. *Id.* He was not aware there was a second telephone upstairs. (Tr. at 44.) When appellant asked the children if they had called, they just put their heads down and did not answer. (Tr. at 45.) Appellant stated that the officers asked if anyone else was in the house and the children answered that their mother was at Walmart. *Id.* Appellant then stated he walked an officer around the first floor to establish that no one was hurt. As appellant and this officer were walking up the stairs to look on the second floor, the officer waved the other police officers inside the house. (Tr. at 46.) Appellant was concerned that Officer Goble was not one of the officers who came to the door and not the officer he walked

around the house.  Appellant admitted putting the marijuana plants in the house. (Tr. at 51.)

{¶ 5}   On June 16, 2016, the trial court denied appellant's motion to suppress.  On October 11, 2016, appellant, pro se, filed a motion for leave to file a delayed appeal, which this court dismissed for lack of a final appealable order.  On November 17, 2016, appellant filed a pro se complaint for mandamus and the state filed a motion to dismiss, which this court granted because appellant had an adequate remedy at law by way of an appeal at the conclusion of his trial.

{¶ 6}   On July 10, 2017, appellant changed his plea from not guilty to no contest.  The trial court found appellant guilty and sentenced him to a period of community control for three years.

## II. ASSIGNMENT OF ERROR

{¶ 7}   Appellant filed a timely notice of appeal and raised the following assignment of error for our review:

> The trial court erred when it denied appellant's motion to suppress.

## III. STANDARD OF REVIEW

{¶ 8}    "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  This court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982).  "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).  Thus, " '[d]eterminations of reasonable suspicion and probable cause should be reviewed de novo on appeal.' " *Columbus v. Ellyson*, 10th Dist. No. 05AP-573, 2006-Ohio-2075, ¶ 4, quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

## IV. ANALYSIS

### A. MOTION TO SUPPRESS

{¶ 9}   Appellant contends in his assignment of error that the trial court erred in denying his motion to suppress.  The Fourth Amendment to the United States Constitution

as applied to the states through the Fourteenth Amendment, as well as the Ohio Constitution, Article I, Section 14, prohibits the government from conducting "warrantless searches and seizures, rendering them per se unreasonable unless an exception applies." *State v. Mendoza*, 10th Dist. No. 09AP-645, 2009-Ohio-1182, ¶ 11, citing *Katz v. United States*, 389 U.S. 347, 357 (1967), superseded by statute on other grounds.

{¶ 10} There are several exceptions to the Fourth Amendment's warrant requirement, including one at issue here, the community-caretaking exception, or sometimes referred to as emergency-aid exception or exigent-circumstance exception. *State v. Dunn*, 131 Ohio St.3d 325, 328, 2012-Ohio-1008, ¶ 15. In *Dunn*, the Supreme Court of Ohio recognized that police officers are "duty-bound to provide emergency services to those who are in danger of physical harm." *Id.* at ¶ 20. Further, "courts recognize that a community-caretaking/emergency-aid exception to the Fourth Amendment warrant requirement is necessary to allow police to respond to emergency situations where life or limb is in jeopardy." *Id.* at ¶ 21.

{¶ 11} The bounds of an officer's ability to investigate, pursuant to the community-caretaking function, are not limitless. A police officer must possess "objectively reasonable grounds to believe that there is an immediate need for his or her assistance to protect life or prevent serious injury to a community-caretaking/emergency-aid stop." *Id.* at ¶ 26. However, this court has recognized that "police officers are not required to possess reasonable suspicion of criminal activity when exercising community caretaking functions." *State v. Weese*, 10th Dist. No. 12AP-949, 2013-Ohio-4056, ¶ 13, citing *State v. Chapa*, 10th Dist. No. 04AP-66, 2004-Ohio-5070, ¶ 8, citing *State v. Norman*, 136 Ohio App.3d 46 (3d Dist.1999).

{¶ 12} The trial court denied the motion to suppress finding, as follows:

> Looking at these pictures and the amount of marijuana that was in the basement, I -- as well as the testimony about being able to smell the marijuana outside of the house as well as the testimony that the officers would have gone in regardless after the 9-1-1 hang-up call and then seeing a child out the window, in addition to the testimony about the hangup call, the nervousness, and the odor, I am going to deny the motion to suppress, because I do think that the police had good reason to search the house.

(Suppression Hearing Tr. at 60-61.)

{¶ 13} Appellant's counsel does not argue that the trial court's relevant factual findings are not supported by competent, credible evidence, but rather, that these facts do not satisfy the community-caretaking exception to the warrant requirement. Officer Goble testified that he searched the house because there was no explanation for the 9-1-1 call even though the dispatcher confirmed that the call originated from that location. Appellant denied making the telephone call and the children responded by putting their heads down. Officer Goble believed they were lying about the telephone call because it originated from that house. (Tr. at 27-28.) Further, Officer Goble testified that appellant and the children were acting scared and nervous. (Tr. at 12, 33.) Finally, Officer Goble testified that the odor of marijuana and his experience with the violence associated with drugs prompted him to conduct a protective sweep of the house. (Tr. at 12.) Given his experience and the circumstances, Officer Goble felt it was necessary and his duty to conduct a basic search and determine no one was injured or in danger at that location. (Tr. at 32.) These circumstances provide objectively reasonable grounds to believe there was an immediate need for his assistance. Therefore, we agree with the trial court and find that the officers' actions were taken as a community caretaker and did not implicate the Fourth Amendment. "Officers do not need ironclad proof of 'a likely serious, life-threatening' injury to invoke the emergency aid exception." *Michigan v. Fisher*, 558 U.S. 45, 49 (2009). Accordingly, we find the trial court properly denied appellant's motion to suppress and we overrule appellant's assignment of error.

## B. MOTION TO CHALLENGE AND SUPPLEMENT THE RECORD

{¶ 14} After oral argument to this court, appellant filed a pro se motion to challenge and supplement the record. Appellant filed the motion in response to questions by this panel. Further, appellant wanted to supplement the record with police reports in an effort to demonstrate that consent was an issue.

{¶ 15} Pursuant to Crim.R. 11(B)(2), "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." A no contest plea is an admission of the facts as presented by the prosecution. *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 8, citing *State v. Puterbaugh*, 142 Ohio App.3d 185, 190 (4th Dist.2001). Even though a defendant

may argue that the facts as admitted do not constitute the offense charged, by pleading no contest, a defendant waives his right to present additional affirmative factual allegations to prove he was not guilty. *Columbus v. Kiner*, 10th Dist. No. 11AP-21, 2011-Ohio-4479, ¶ 9, quoting *State v. Murphy*, 116 Ohio App.3d 41, 43 (9th Dist.1996), citing *State v. Gilbo*, 96 Ohio App.3d 332, 337 (2d Dist.1994). " ' "The essence of the 'no contest' plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty." ' " *Gilbo* at 337, quoting *State v. Herman*, 31 Ohio App.2d 134, 140 (6th Dist.1971), quoting Schneider, Ohio Criminal Code, Section 10.1, fn 4 (3 Ed.1963).

{¶ 16} Thus, appellant cannot supplement the record with the police reports. However, the factual issues that appellant argues need to be supplemented do not form the basis of the trial court's decision. The trial court did not determine that appellant provided consent, but rather, that the facts supported the community-caretaking exception to the warrant requirement and the police officers could conduct a protective search. We agree. Thus, we need not consider any other arguments and appellant's motion to challenge and supplement the record is denied.

## V. CONCLUSION

{¶ 17} For the foregoing reasons, we overrule appellant's assignment of error, deny appellant's motion to challenge and supplement the record, and affirm the judgment of the Franklin County Court of Common Pleas.

*Motion denied; judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

———————————