JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Crispus Njogu ("appellant"), appeals his conviction of drug possession in violation of R.C. 2925.11. In connection with his appeal, appellant raises three assignments of error.
 I {¶ 2} Although listed as appellant's third assignment of error, we will first address appellant's contention that his conviction was against the manifest weight of the evidence. Appellant contends that there was insufficient evidence in the record to support the jury's verdict that appellant knowingly possessed cocaine. Upon review of the record, however, appellant's contention is without merit.
 {¶ 3} On November 15, 1999, Cleveland police officers observed five or six men in the park located at the corner of West 29th and Franklin in Cleveland According to the police officers, the men were drinking and causing a disturbance to the apartment building across the street. The police officers told the men to leave the park because they were in the park after hours. Most of the men left the park. However, according to one of the state's witnesses, Officer Fairchild, appellant was highly intoxicated and refused to leave. Officer Salupo, also one of the state's witnesses and Officer Fairchild's partner at the park, stated that appellant was loud, boisterous, intoxicated, and was not happy when he was asked to leave. Because appellant appeared intoxicated and refused to leave the park, the officers arrested appellant for "disorderly conduct, intoxication" and he was taken downtown for booking purposes.
 {¶ 4} As part of the booking process, an inventory was performed on appellant and everything on appellant's person was noted. A final "pat down" was performed by Officer Fairchild, where a crack cocaine pipe, containing residue and a chore filter, was discovered in appellant's sock. As a result, appellant was also informed that he was arrested for violation of state drug laws; i.e., possessing crack cocaine. The crack cocaine pipe, with residue and a chore boy filter, was sent to the forensic laboratory for analysis. According to the scientific examiner, also one of the state's witnesses, the residue tested positive for cocaine, a Schedule II drug, in all three tests conducted.
 {¶ 5} After the state rested, appellant took the witness stand and testified on his behalf. Appellant testified that he had just dropped off his girlfriend at her apartment on West 29th and Franklin on November 15, 1999 after having dinner and one beer, when he saw a couple of police cars at the apartment complex. Appellant further testified that the police officers arrested him, booked him for an outstanding warrant for his arrest, and was never notified that he was being arrested for "disorderly conduct, intoxication." In direct contradiction to the state's witnesses, appellant also testified that he did not have a crack cocaine pipe in his sock.
 {¶ 6} Appellant now argues, in particular, that the jury could not have found that he knowingly possessed cocaine when the police officers never saw appellant purchase cocaine, use or conceal the crack cocaine pipe, and that the scientific examiner could not recall if she could visibly see the residue on the crack cocaine pipe prior to scraping the pipe and testing it.
 {¶ 7} The proper test to be used when addressing the issue of manifest weight of the evidence is set forth as follows:
 {¶ 8} "Here, the test [for manifest weight] is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *" State v. Moore, Cuyahoga App. No. 81876, 2003-Ohio-3526, ¶ 8, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215,485 N.E.2d 717; see, also, Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652.
 {¶ 9} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. Moore, at ¶ 8, citing State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. Moore, at ¶ 8, citing Martin.
 {¶ 10} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442 and 64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, 490 N.E.2d 926. These factors, which are not exhaustive, include:
 {¶ 11} "1) Knowledge that even a reviewing court is not required to accept the incredible as true;
 {¶ 12} "2) Whether evidence is uncontradicted;
 {¶ 13} "3) Whether a witness was impeached;
 {¶ 14} "4) Attention to what was not proved;
 {¶ 15} "5) The certainty of the evidence;
 {¶ 16} "6) The reliability of the evidence;
 {¶ 17} "7) The extent to which a witness may have a personal interest to advance or defend their testimony; and
 {¶ 18} "8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Mattison, 23 Ohio App.3d at syllabus.
 {¶ 19} Here, although appellant told a different version of his arrest, it cannot be said that the jury "clearly lost its way" because they believed the state's witnesses and the physical evidence over appellant's testimony. Weighing the credibility of the witnesses and the evidence presented is solely within the jury's province. Moreover, possessing cocaine, according to R.C. 2925.11(A), includes mere possession, in addition to use of cocaine. "Possession" means having control over the substance. See R.C. 2925.01(K). Simply because the police officers did not see appellant purchase crack cocaine, use crack cocaine or the crack cocaine pipe, or attempt to conceal the crack cocaine pipe does not render the discovery of the crack cocaine pipe in appellant's sock a nullity. Unlike the instances where a defendant is found guilty of constructive possession of drugs simply because he was in close proximity to the drugs, appellant had actual possession of the crack cocaine in the crack cocaine pipe in his sock. Based upon the review required of this court, and considering the entire record, the jury did not "clearly los[e] its way" and "create such a manifest miscarriage of justice" that appellant's conviction must be reversed. This assignment of error is without merit.
 II. {¶ 20} In his first assignment of error, appellant contends that the trial court erred and committed plain error in failing to exclude all references to the crack cocaine pipe discovered in appellant's sock because it was obtained as a result of an illegal search. In particular, appellant asserts that the police officers lacked reasonable suspicion to arrest appellant for "disorderly conduct, intoxication" and that any evidence, including the crack cocaine pipe, obtained as a result of his arrest was inadmissible. Appellant's assertion, however, lacks merit.
 {¶ 21} The Supreme Court of Ohio in State v. Terrell, Cuyahoga App. No. 80676, 2002-Ohio-4913, ¶ 30, quoting United States v.Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, that "[p]ursuant to a search incident to arrest, the police may conduct a full search of the arrestee's person, and that search is not limited to the discovery of weapons, but may include evidence of a crime as well."
 {¶ 22} Here, as testified by the police officers — and as believed by the jury — appellant was asked to leave the park, but refused. Because appellant was illegally in the park after hours, the police officers had grounds to arrest appellant for that reason alone, but did not. However, in addition to being in the park after hours, appellant was also visibly intoxicated. As testified by Officer Fairchild, appellant was placed under arrest for "disorderly conduct, intoxication" and taken into custody for appellant's own safety and the state's safety, as the state could be held liable for releasing appellant, as intoxicated as he was, at the scene. Appellant's arrest was based on more than a reasonable suspicion as he was in the park after hours and appeared highly intoxicated.
 {¶ 23} Likewise, the seizure of the crack cocaine pipe from appellant's sock was rightful because it was a search incident to his arrest for "disorderly conduct, intoxication." Officer Fairchild testified that, in accordance with routine inventories conducted by the police officers during the booking process, he performed a "pat down" on appellant and found the crack cocaine pipe in his sock. Unlike appellant's assertion to the contrary, the seizure of the crack cocaine pipe was not "fruit of the poisonous tree," but merely evidence rightfully obtained after appellant was rightfully arrested for "disorderly conduct, intoxication." As a result, this assignment of error is not well-taken as the trial court did not err in admitting into evidence references to the crack cocaine pipe discovered by the police officers.[1]
 III {¶ 24} Finally, appellant asserts in his second assignment of error that he was denied the right to a fair trial because the state attempted to present evidence of "other acts," namely, that appellant had previously possessed a crack cocaine pipe. Appellant's assertion is without merit.
 {¶ 25} Evid.R. 404(B) provides as follows:
 {¶ 26} "(B) Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 27} Here, appellant objected to the state's "other acts" questions. The trial court sustained appellant's objections and specifically instructed the jury to disregard the state's comments, without appellant even requesting such curative instruction. There is nothing in the record to suggest that the jury relied on the state's comments or gave them particular weight in returning its verdict finding appellant guilty of possession of cocaine. In light of the evidence presented that, in fact, appellant had on his person a crack cocaine pipe containing residue of crack cocaine, appellant was not prejudiced by the state's questions. Thus, this assignment of error is not well taken.
 {¶ 28} The judgment is affirmed.
Judgment affirmed.
Kenneth A. Rocco, A.J., and James J. Sweeney, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] It should be noted that the trial court excluded the physical crack cocaine pipe from evidence because there was an issue as to whether it was properly included on the state's evidence list that it provided to appellant prior to trial. However, the trial court specifically stated that references to the crack cocaine pipe, including testimonies, were admissible.