JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eric Cozart, appeals his conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In December 2007, Cozart was indicted for assault (on a peace officer), a violation of R.C. 2903.13(A), and resisting arrest, a violation of R.C. 2921.33(B). Cozart pled not guilty to the charges, and the matter proceeded to a bench trial where the following evidence was presented.
 {¶ 3} Officer Jerome Thomas of the Warrensville Heights Police Department testified that on November 29, 2007, he was at an ATM on Green Road when he heard a man screaming in the Green Road Beverage parking lot across the street. Officer Thomas, who had previously dealt with Cozart on several other occasions, immediately recognized Cozart as the man screaming and proceeded to investigate the situation. Prior to reaching the area, Officer Thomas learned from dispatch that someone from the store had called and lodged a complaint regarding the disturbance.
 {¶ 4} Officer Thomas attempted to speak with Cozart, who was swaggering, swearing, and appeared intoxicated. Officer Thomas next offered Cozart a ride, but he refused. After twice observing Cozart nearly fall over, Officer Thomas placed him under arrest for disorderly intoxication. Prior to placing Cozart in his police car, Officer Thomas, along with his partner who arrived on the scene, Officer Michael Turner, attempted to pat down Cozart for weapons. Cozart refused to allow the pat-down and further resisted any attempt to handcuff him. The officers ultimately wrestled him to the ground, sprayed him with pepper spray, and finally handcuffed *Page 4 
him. As the officers tried to place Cozart in the back of the police car, Cozart continuously kicked his legs and ultimately kicked Officer Thomas in the left wrist and face.
 {¶ 5} Officer Turner testified and corroborated Officer Thomas's testimony, indicating that Cozart smelled of alcohol, was very combative, and refused to cooperate. He further testified that Cozart resisted their attempts to handcuff him and ultimately kicked Officer Thomas in the wrist and face.
 {¶ 6} Sergeant Steve Vida also testified and corroborated that Cozart was "highly intoxicated" and combative. He testified that Cozart resisted the officers bringing him into the station and that he was spitting, swearing, and attempting to bite officers as they escorted him to a cell.
 {¶ 7} Cozart testified on his own behalf, claiming that all of the officers were lying. He acknowledged consuming two pints of diluted gin but denied being intoxicated. He denied ever kicking Officer Thomas or using any other force. Cozart testified that the officers grabbed and handcuffed him, slammed him on the ground, and then later beat him unconscious at the police station.
 {¶ 8} The trial court found Cozart guilty on the two counts and sentenced him to eighteen months in prison. Cozart appeals, raising the following three assignments of error:
 {¶ 9} "I. The police lacked probable cause to seize Eric Cozart.
 {¶ 10} "II. The alleged arrest was not lawful, and therefore any action on the part of Eric Cozart did not constitute resisting arrest. *Page 5 
 {¶ 11} "III. Counsel was ineffective in that she did not argue to the court that this is a case of self-defense."
 {¶ 12} Because the first two assignments of error involve the same application of facts and law, we will address them together.
 The Seizure and Arrest {¶ 13} In his first and second assignments of error, Cozart argues that the police lacked probable cause to seize him and that any arrest stemming from the unconstitutional seizure was not lawful, thereby defeating a conviction for resisting arrest. Cozart, however, raises these arguments for the first time on appeal. "By failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission." State v. Chandler, 8th Dist. No. 81817,2003-Ohio-6037, ¶ 32, citing State v. Wade (1978), 53 Ohio St.2d 182, paragraph three of the syllabus, vacated on other grounds (1978),438 U.S. 911; State v. F.O.E. Aerie 2295 (1988), 38 Ohio St.3d 53, paragraph two of the syllabus.
 {¶ 14} But even if Cozart had preserved this issue for appeal, his arguments still lack merit.
 {¶ 15} "The Fourth Amendment of the United States Constitution, as well as Article One, Section Fourteen, of the Ohio Constitution, guarantee `the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.' When a police officer stops a person and detains him or her, a `seizure' is *Page 6 
committed within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution." State v. Wojtaszek, 11th Dist. No. 2002-L-016, 2003-Ohio-2105, at ___15, citing Delaware v. Prouse (1979),440 U.S. 648, paragraph two of the syllabus.
 {¶ 16} "A stop is constitutional if it is supported by either a reasonable suspicion or probable cause." State v. Molek, 11th Dist. No. 2001-P-0147, 2002-Ohio-7159, at ___25. In order to make an investigative stop within constitutional parameters, a police officer must be able to cite articulable facts that give rise to reasonable suspicion of criminal behavior. Terry v. Ohio (1968), 392 U.S. 1, 21. "The test for probable cause is: `whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.[']"Molek, supra, at ___25, citing Beck v. Ohio (1964), 379 U.S. 89, 91.
 {¶ 17} In this case, the record is replete with evidence that Officer Thomas was justified in stopping and subsequently arresting Cozart for disorderly intoxication. Here, Cozart was screaming outside a store, resulting in a complaint lodged to the police. Upon investigating the situation, the police found Cozart highly intoxicated, swaggering, swearing, and nearly falling over on two separate occasions. Further, Officer Thomas testified that he believed that Cozart posed a danger to himself. Thus, based on these facts, Cozart's seizure and arrest was based on more than a reasonable suspicion and we find no constitutional violation. See State v. Njogu, *Page 7 
8th Dist. No. 82835, 2003-Ohio-6877 (rejecting appellant's claim of unlawful seizure under nearly identical facts in instant case).
 {¶ 18} Cozart's first and second assignments of error are overruled.
 Ineffective Assistance of Counsel {¶ 19} In his final assignment of error, Cozart argues that his trial counsel was ineffective for failing to argue that he acted in self-defense. He contends that his kicking and resisting the officers were simply done in self-defense, especially since the police had no reason to place him in the police car. His argument, however, is flawed for many reasons.
 {¶ 20} First, contrary to Cozart's claim, his trial counsel specifically argued in the bench trial below that Cozart "was trying to defend himself" as opposed to intentionally committing an assault. Trial counsel also attempted to elicit testimony on cross-examination of Officer Turner that the officers were unnecessarily physical.
 {¶ 21} Secondly, even if his trial counsel had not argued this, his counsel would not have been ineffective because the record did not support the affirmative defense of self-defense. "To establish self-defense for the use of less than deadly force in defense of one's person, the defendant must prove: (1) he was not at fault in creating the situation which gave rise to the event in which the use of non-deadly force occurred; (2) he had honest and reasonable grounds to believe that such conduct was necessary to defend himself against the imminent use of unlawful force; and (3) the force used was not likely to cause death or great bodily harm." State v. Tanner, 9th Dist. No. 3258-M, 2002-Ohio-2662, at ¶ 21. Here, insufficient evidence exists to support any of the required three elements of self-defense. Moreover, *Page 8 
Cozart denied even struggling with the officers, let alone kicking Officer Thomas. Thus, given that he denied using any force, justifiable or not, his testimony negated any claim of self-defense.
 {¶ 22} Finally, having already found that the arrest was valid, the police were justified in placing him in the police car subsequent to his arrest.
 {¶ 23} Accordingly, Cozart utterly fails to demonstrate that his trial counsel was deficient and, therefore, his ineffective assistance of counsel claim has no merit. See Strickland v. Washington (1984),466 U.S. 668. We overrule the third assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1