[Cite as *Cleveland v. Hopkins*, 2012-Ohio-5170.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97600 and 97601**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DOYAL HOPKINS

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART; REVERSED**
**IN PART AND REMANDED**

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. 2011 CRB 008733 and 2011 TRC 028114

**BEFORE:**  Blackmon, A.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  November 8, 2012

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Interim Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Victor R. Perez
Chief Prosecutor
Angela R. Richardson
Assistant City Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellant Doyal Hopkins ("Hopkins") appeals his convictions for driving under the influence of alcohol, driving with an alcohol breath concentration between .08 and .17, failure to signal, failure to use headlights, and failure to use a seatbelt.  He assigns the following errors for our review:

**I.   Appellant was prejudiced by ineffective assistance of counsel.**

**II.   The trial court erred in denying appellant's motion for acquittal pursuant to Criminal Rule 29 where there was insufficient evidence.**

**III.   Appellant's convictions are against the manifest weight of the evidence.**

**IV.   When the court's sentencing journal [entry] does not reflect the court's sentencing pronouncement made in open court when the defendant was present, error occurs and the journal entry must be corrected.**

{¶2}   Having reviewed the record and pertinent law, we affirm Hopkins's convictions, but reverse and remand for the correction of the fine imposed for his petty offense conviction.   The apposite facts follow.

### Facts

{¶3}   Hopkins was cited for failure to use his headlights, turn signal, and seatbelt.  He was also cited for driving under the influence and driving with an alcohol breath concentration between .08 and .17.  Doyal pled not guilty, and the matter proceeded to a bench trial.

### Bench Trial

{¶4} On the evening of April 29, 2011, the Ohio State Highway Patrol and the Cleveland Police Department set up a check point to catch drunk drivers on East 86th Street and Broadway in Cleveland, Ohio. At 8:30 p.m., State Trooper Malone was patrolling the area of Broadway and Fleet Avenues when he observed Hopkins driving without his headlights on, and he failed to use his turn signal before making a turn. The Cleveland Police pulled Hopkins over before Trooper Malone could get to him, but the Cleveland Police deferred to Trooper Malone and allowed him to approach the driver. He stated that when he approached Hopkins he observed he was not wearing a seatbelt. He asked Hopkins if he had been wearing it while driving, and Hopkins responded that he had not. Trooper Malone cited Hopkins for the traffic violations. During his discourse with Hopkins, he noticed a strong smell of alcohol and that Hopkins's eyes were red and glassy, and his face was flushed. Additionally, Hopkins was talking and moving in a slow and lethargic manner.

{¶5} Trooper Malone asked Hopkins to exit the vehicle so that he could conduct field sobriety tests on him. The trooper asked Hopkins to perform the walk and turn and one leg stand tests. Hopkins indicated he had an injured leg and was unable to perform the tests. This was in spite of the fact the officer observed no injury to Hopkins's leg when he exited the vehicle. Trooper Malone performed a Horizontal Gaze Nystagmus ("HGN") test on Hopkins, which he failed. Hopkins voluntarily agreed to perform a breathalyzer ("BAC") test. While Trooper Malone transported Hopkins to the BAT mobile that was set up as part of the checkpoint, Hopkins admitted that he had consumed "a few beers."

**{¶6}** At the BAT mobile, State Trooper Goodnite, who was certified to administer BAC tests, administered the test on Hopkins. Hopkins's result was .119, far above the legal limit of intoxication of .08. As a result, Hopkins was also cited for driving under the influence of alcohol as well as driving under the influence with a breath alcohol concentration above .08.

**{¶7}** The trial court concluded Hopkins was guilty of all of the charged offenses. Because this was Hopkins's third DUI, the court sentenced him to 300 days in jail and a $2,000 fine. The trial court then suspended 240 days of the jail time and $1,000 of the fine.

**{¶8}** In a separate case, Hopkins also pled guilty to petty theft, and was sentenced on the record to pay $100, plus costs. Both cases were consolidated for appeal.

### Ineffective Assistance of Counsel

**{¶9}** In his first assigned error, Hopkins argues that his counsel was ineffective. To establish a claim for ineffective assistance of counsel, Hopkins must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland,* our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688.

**{¶10}** Hopkins argues counsel was ineffective for failing to recover the videotape taken by Trooper Malone's dash camera. Hopkins has failed to show how his counsel's failure to procure the tape prejudiced him. It is unknown what is shown on the tape. The trooper testified that he stopped Hopkins for failure to have his headlights on and for failing to use a turn signal. Whether the video would have contradicted this is unknown. Moreover, Hopkins's BAC result was .119. The video would have done nothing to disprove the result.

**{¶11}** Hopkins also argues that counsel was ineffective for failing to file a motion to suppress. Failing to file a motion to suppress does not constitute ineffective assistance of counsel per se. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000- Ohio-448, 721 N.E.2d 52, quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 35.

**{¶12}** Here, Hopkins argues counsel should have filed a motion to suppress the breathalyzer test results. However, he has failed to set forth a basis to suppress the results. At trial, the officer in charge of calibrating the machine testified that a full calibration was performed on the machine two days prior to Hopkins's arrest. The data sheet of the calibration was submitted as evidence. Additionally, once the machine was moved to the BAT mobile, the officer testified that he conducted a test on the machine, and the results indicated it was working properly. The test sheet was admitted as

evidence. Additionally, both the officer who calibrated the machine and the trooper who administered the BAC test on Hopkins testified to the training they received regarding the operation of the machine and presented their certificates as evidence. Therefore, based on this evidence, there was no reason that the BAC results should have been suppressed.

{¶13} Hopkins argues counsel was ineffective for failing to request a separation of witnesses. Hopkins has failed to present any evidence that the outcome of the trial would have been altered if the witnesses were separated. There was no indication on cross-examination that the witnesses gave untrustworthy testimony. Moreover, they testified to different aspects of Hopkins's arrest. Trooper Malone testified to the stop and HGN test, Officer Healy testified regarding the calibration of the machine, and Trooper Goodnite testified regarding his administration of the breathalyzer test.

{¶14} Hopkins also argues his counsel was ineffective for requesting a bench trial. This court has held that trial counsel's decision to proceed with a bench trial, rather than requesting a jury trial, is a strategic decision, "and will not be considered as a meritorious reason for reversal as an ineffective assistance of counsel claim." *Cleveland v. Townsend*, 8th Dist. No. 87006, 2006-Ohio-6265. *See also Cleveland v. Gholston*, 8th Dist. No. 96592, 2011-Ohio-6164, ¶ 12. As we held in *Townsend* and *Gholston*, the defendant needs to demonstrate how the decision to have a bench trial resulted in prejudice to him. Here, Hopkins failed to show that trying his case to the bench prejudiced him. Accordingly, Hopkins's first assigned error is overruled.

### Insufficient Evidence and Manifest Weight

**{¶15}** In his second and third assigned errors, Hopkins argues that his convictions for DUI and DUI with an alcohol concentration exceeding .08 were not supported by sufficient evidence, and were against the manifest weight of the evidence.

**{¶16}** Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and a sufficiency of the evidence review require the same analysis. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

**{¶17}** In analyzing whether a conviction is supported by sufficient evidence, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Carter*, 72 Ohio St.3d 545, 1995-Ohio-104, 651 N.E.2d 965.

**{¶18}** Pursuant to R.C. 4511.19(A)(1)(d), the state had to prove that Hopkins was operating a vehicle with a BAC in excess of .08. Here, Hopkins's BAC was .119. However, Hopkins argues that his conviction was not supported by sufficient evidence because there was no evidence that he did not ingest anything 20 minutes prior to the test being administered as required by the regulations.

**{¶19}** The procedures for performing a breath test are found in an "operational checklist" contained within Ohio Adm.Code 3701-53-02(D). *Boliver v. Dick*, 76 Ohio St.3d 216, 218, 1996-Ohio-409, 667 N.E.2d 18. The first item on the operational

checklist is the oral-intake requirement, which states, "Observe subject for twenty minutes prior to testing to prevent oral intake of any material." In *State v. Steele*, 52 Ohio St.2d 187, 370 N.E.2d 740 (1977), the court reasoned that once the trooper demonstrated it was highly improbable that the subject ingested any item during the twenty-minute period, it was up to the defendant to "overcome that inference" with proof that she had ingested some substance. Moreover, ingestion has to be more than just "hypothetically possible." *Id.* at 192; *see also State v. Faykosh*, 6th Dist. No. L-01-1244, 2002-Ohio-6241; *State v. Embry*, 12th Dist. No. CA2003-11-110, 2004-Ohio-6324, at ¶ 25; *State v. Rennick*, 7th Dist. No. 02 BA 19, 2003-Ohio-2560, at ¶ 25; *State v. Siegel*, 138 Ohio App.3d 562, 568-569, 2000-Ohio-1747, 741 N.E.2d 938, (3d Dist.).

{¶20} As we held in *Brookpark v. Seidner*, 8th Dist. No. 73648, 1998 Ohio App. LEXIS 5408 (Nov. 12, 1998), quoting *State v. Adams*, 73 Ohio App.3d 735, 740, 598 N.E.2d 176 (2d Dist.1992):

> **The purpose of the observation rule is to require positive evidence that during the twenty minutes prior to the test the accused did not ingest some material which might produce an inaccurate test result. [Citation omitted.] A witness who testifies to that foundational fact is not required to show that the subject was constantly in his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable. To overcome that inference, the accused must show that he or she did, in fact, ingest some material during the twenty-minute period. The "mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible."**

**{¶21}** The BAC printout indicates that Hopkins was first observed at 20:38 (8:38 p.m.) and the test was administered at 21:23 (9:23 p.m.). During this entire time, he was in custody and observed by Trooper Malone, Officer Healey, and Trooper Goodnite. The only time that he was alone during this time was while sitting in the back of the BAT mobile in handcuffs, where he could be observed through a small window. Trooper Goodnite testified that Hopkins did not have anything in his mouth prior to taking the test. Based on these facts, from the time Trooper Malone stopped him until he was tested by Trooper Goodnite, Hopkins would not have access to any ingestible items. In fact, Hopkins does not contend he did in fact ingest anything; therefore, his argument is purely hypothetical.

**{¶22}** Hopkins claims his conviction for DUI pursuant to R.C. 4511.19(A)(1)(a) was not supported by the evidence because he was only driving for a short period of time when the officer pulled him over; therefore, he was not driving for a sufficient period of time to determine if he was impaired. We are unaware of any time limit for observing a driver prior to being able to make a lawful stop. Pursuant to R.C. 4511.19(A)(1)(a), the state had to prove that Hopkins was operating a vehicle while under the influence of alcohol.

**{¶23}** Hopkins drove his vehicle far enough for both the trooper and Cleveland police to realize something was wrong because Cleveland Police were able to pull him over prior to Trooper Malone reaching him. Moreover, Hopkins failed the HGN test, smelled of alcohol, was speaking and moving slowly, his eyes were red and glassy, and his face was flushed. These were all indications to the officer that he was inebriated.

{¶24} We also find no merit to Hopkins's argument that his convictions were against the manifest weight of the evidence. In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> **The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id.* at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id.* at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*. at**

**387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.**

**{¶25}** Hopkins reasserts the same arguments that he asserted in support of his sufficiency argument. Because there was no contradictory evidence, his convictions are not against the manifest weight of the evidence. Accordingly, Hopkins's second and third assigned errors are overruled.

### Sentence for Petty Theft

**{¶26}** In his fourth assigned error, Hopkins argues the trial court erred by stating in its sentencing entry that he was to pay a fine of $200, however, the record of the sentencing hearing reflects the court ordered him to pay a fine of $100.

**{¶27}** Given the discrepancy between the trial court's oral pronouncement at the sentencing hearing and the apparent clerical errors in the court's journal entry, we remand this case to the trial court for appropriate corrections to the journal entry to accurately reflect the sentence imposed by the court at the sentencing hearing. *State v. Lewis*, 8th Dist. Nos. 88627, 88628, 88629, 2007-Ohio-3640, ¶ 17; *State v. Johnson*, 8th Dist. No. 83117, 2004-Ohio-4229, ¶ 62. Accordingly, Hopkins's fourth assigned error is sustained.

**{¶28}** Judgment affirmed, reversed and remanded for correction of fine.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER,   J., CONCUR