[Cite as *Berea v. McElroy*, 2013-Ohio-1188.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98642

## CITY OF BEREA

PLAINTIFF-APPELLEE

vs.

## GILBERT McELROY

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case No. 11 CRB 00964

**BEFORE:** Celebrezze, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEYS FOR APPELLANT**

Megan M. Patituce
Joseph C. Patituce
Jennifer Scott
Patituce & Scott, L.L.C.
26777 Lorain Road
Suite 708
North Olmsted, Ohio   44070


**ATTORNEY FOR APPELLEE**

James N. Walters, III
Director of Law
City of Berea
31 East Bridge Street
Suite 302
P.O. Box 297
Berea, Ohio   44017

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Gilbert McElroy, appeals his conviction for assault in the Berea Municipal Court. Finding no merit to the appeal, we affirm appellant's conviction.

{¶2} On August 4, 2011, appellant was charged with one count of assault, in violation of R.C. 2903.13, a misdemeanor of the first degree. A bench trial was held on March 6, 2012.

{¶3} At trial, Edward Schaefer testified that after parking his vehicle at Chase Bank, he and appellant began to argue when appellant made a disparaging comment about Schaefer parking in a handicap space, albeit legally. Schaefer testified that he walked away from the argument and headed towards the Chase Bank ATM. Appellant went into a Radio Shack located next to the bank. However, shortly after, appellant came back outside and continued his "tirade against [Schaefer]." Ultimately, the distance between the men "closed," and appellant head-butted Schaefer. At that time, Schaefer called 911 and waited for the police to arrive.

{¶4} Clyde Taylor testified that he and his wife, Ruth Taylor, were approaching the Chase Bank building when they observed two men arguing back and forth. Mr. Taylor testified that he was approximately 35 feet away and did not observe the entire incident. However, he testified that he witnessed appellant head-butt Schaefer, stating, "[Schaefer] seemed like he was backing off a little bit, and then the next thing I know,

[appellant] moved in and head-butted him." Mrs. Taylor corroborated Mr. Taylor's testimony, stating, "I saw that they were arguing when we were driving up, and I told my husband, 'Oh my god. I think they're going to start fighting.' And then I saw when [appellant] head-butted [Schaefer]."

{¶5} Chad Smith testified that he was working at Radio Shack on August 1, 2011. Smith testified that he observed appellant and Schaefer exchanging words during a heated discussion in the parking lot outside the store. Thereafter, appellant entered the Radio Shack and purchased a battery. Smith described appellant as being "frazzled." Smith did not observe any altercation after appellant purchased the battery, but testified that appellant later returned to the store and asked to use the phone, stating that he was forced to defend himself against Schaefer.

{¶6} Appellant testified that he was walking toward a Radio Shack with his ten-year-old daughter when Schaefer suddenly came up to him and started yelling. Appellant stated that he attempted to walk away from the situation but that Schaefer continued to follow him and threatened to "shoot his ass." Appellant testified that he took Schaefer's threats seriously and was afraid for the safety of his young daughter. He testified that Schaefer threatened him, raised his hand, and lunged at him, and it was at that time they "slammed heads." Appellant maintained that he did not intend to have any physical contact with Schaefer.

**{¶7}** At the close of testimony, the court found appellant guilty as charged. On June 6, 2012, appellant was sentenced to a fine of $100 plus court costs and one year of active probation.

**{¶8}** Appellant now brings this timely appeal, raising three assignments of error for review.

## Law and Analysis

### I. Ineffective Assistance of Counsel

**{¶9}** In his first assignment of error, appellant argues that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and that strategy and tactical decisions exercised by defense counsel are well within the range of professionally reasonable judgment. *Strickland* at 699.

**{¶10}** Initially, appellant argues that counsel was ineffective for failing to move for the separation of witnesses. Although it is good practice to move for separation of witnesses, we are unwilling to conclude that counsel is deficient, per se, by failing to do

so. *Cleveland v. Hopkins*, 8th Dist. Nos. 97600 and 97601, 2012-Ohio-5170; *State v. Farris*, 2d Dist. No. 2003 CA 77, 2004-Ohio-5980. Here, appellant has failed to present any evidence that the outcome of the trial would have been different if the witnesses were separated. There was no indication that the witnesses gave untrustworthy testimony. Further, we are unable to discern from the record whether the prosecution's witnesses altered their testimony due to their ability to hear prior witnesses. Thus, appellant has failed to establish that he was prejudiced by counsel's decision not to separate witnesses.

{¶11} Appellant further contends that his trial counsel was ineffective for failing to argue that he acted in self-defense. However, contrary to appellant's claim, the record reflects that trial counsel argued during the bench trial below that appellant was not the aggressor in this matter and that any force used against Schaefer was made in self-defense. Specifically, trial counsel elicited testimony from appellant during direct examination that appellant felt threatened by Schaefer's conduct and believed that Schaefer was going to use physical force against him and/or his child.

{¶12} Nevertheless, even if appellant's trial counsel had not raised these arguments, his counsel would not have been ineffective because the record did not support the affirmative defense of self-defense. *See State v. Shepherd*, 8th Dist. No. 97962, 2012-Ohio-5415; *State v. Cozart*, 8th Dist. No. 91226, 2009-Ohio-489.

> To establish self-defense for the use of less than deadly force in defense of one's person, the defendant must prove: (1) he was not at fault in creating the situation which gave rise to the event in which the use of non-deadly force occurred; (2) he had honest and reasonable grounds to believe that such conduct was necessary to defend himself against the imminent use of

unlawful force; and (3) the force used was not likely to cause death or great bodily harm.

*State v. Tanner*, 9th Dist. No. 3258-M, 2002-Ohio-2662, ¶ 23. In the instant case, insufficient evidence exists to support each of the required three elements of self-defense because the testimony presented at trial supports the prosecution's position that appellant was at fault in creating the situation giving rise to the affray.

{¶13} Accordingly, appellant's ineffective assistance of counsel claims are without merit. Appellant's first assignment of error is overruled.

## II. Manifest Weight and Sufficiency of the Evidence

{¶14} In his second and third assignments of error, appellant challenges his conviction as being both against the manifest weight of the evidence and not supported by sufficient evidence.

{¶15} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

**{¶16}** "A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion." *State v. Ponce*, 8th Dist. No. 91329, 2010-Ohio-1741, ¶ 17, quoting *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986), paragraph one of the syllabus. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *Thompkins, supra*.

**{¶17}** We are mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986).

**{¶18}** In the case at hand, appellant was charged with assault, in violation of R.C. 2903.13(A), which states: "[n]o person shall knowingly cause or attempt to cause physical

harm to another or another's unborn." Thus, the prosecution was required to prove, beyond a reasonable doubt, that appellant knowingly caused or attempted to cause physical harm to Schaefer.

{¶19} Here, the evidence adduced at trial demonstrated that Schaefer and appellant began to argue in the parking lot of a shopping plaza after appellant made an inappropriate comment about Schaefer parking in a handicap space. Schaefer testified that when the argument escalated, appellant "came up to me, closed the distance, and before I knew what was happening, he head-butted me in the face." Schaefer's testimony was corroborated by Clyde and Ruth Taylor, who testified that they witnessed appellant and Schaefer engaged in a heated argument when appellant suddenly head-butted Schaefer. From this evidence, a reasonable factfinder could find that appellant knowingly caused Schaefer physical harm. Accordingly, we find that the state presented sufficient evidence to sustain appellant's assault conviction.

{¶20} Moreover, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against appellant's conviction. The trial court, as the trier of fact, was in the best position to weigh the credibility of the witnesses and was free to find the testimony of Schaefer and the corroborating witnesses to be more credible than appellant's testimony. Deferring to the trial court's assessment of the credibility of the witnesses, as we must, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in convicting appellant of assault.

**{¶21}** Accordingly, appellant's second and third assignments of error are overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR